Parham v. McCarty.

No. 23,585.

J. N. PARHAM, Plaintiff, v. FRANCIS C. McCARTY et al. (C. C.
ISELY LUMBER COMPANY, *Appellant*, S. SCHULMAN, *Appellee*.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*License to Use Land—Not a Basis of Mechanic's Lien.*
The evidence is held to justify a finding that a writing by the owner of land
giving a land company permission to erect and maintain thereon buildings
for the accommodation of its prospective buyers was not a lease but cre-
ated a mere license, which cannot be made the basis of a mechanic's lien.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed
March 11, 1922. Affirmed.

*H. O. Trinkle*, of Garden City, for the appellant.
*A. Schulman*, of Garden City, for the appellee.

The opinion of the court was delivered by

MASON, J.:   This case is very similar to *Lumber Co. v. Larmor*,
(ante, p. 670).   The question involved is whether a writing exe-
cuted by the Garden City Sugar and Land Company giving the
Francis C. McCarty Land Company the right to build, use and
remove buildings and other improvements upon land owned by the
sugar company made the land company a tenant or a mere licensee.
In an action to which it had been made defendant the C. C. Isely
Lumber Company undertook to subject to a mechanic's lien the
material of a fence which had been taken on an attachment against
the land company by S. Schulman, who resists the claim.   The
fence had been built by the land company around the clubhouse
or pavilion and other small buildings which had been erected.
The trial court denied the lien and the lumber company appeals.

The land company in the course of its business arranged excur-
sions of prospective buyers and desired to erect a pavilion and
other structures for their accommodation.   The sugar company
volunteered to allow this to be done on its land, without compen-
sation, putting the offer in the form of a letter reading as follows:

"This letter will be your authority for the occupying of a portion of ap-
proximately forty (40) acres of ground in the northwest corner of the north-
west quarter of section 25-23-34, belonging to this company, with your head-
quarters buildings and whatever improvements you may desire to erect on
this land in order to take care of your operations in this vicinity.   In this
connection will state that when you desire to vacate this property, you may
remove all the buildings and other property belonging to you or your com-
pany and the only obligation we will require for the use of this land is that

you, when you are through with it, will restore it to us in the condition it was in at the time you took charge of it. We will be pleased if you will kindly advise if this will be done and that this is your understanding of the proposition."

The land company made this reply:

"Your letter of the 8th inst., granting us authority for occupying the lands mentioned by you, came duly to hand, and in reply we desire to say that your letter expresses our understanding of the matter and is quite acceptable to us."

The officer of the sugar company who wrote the letter testified that there was no intention to create the relation of landlord and tenant, but merely to give a license to erect the buildings and remove them. Testimony of this character is quite different in its effect from the mere casual use of the word lease or license in describing a contract. It does not tend to contradict the writing but rather to interpret it, if it needs interpretation. We think the trial court was justified in holding that the agreement amounted to no more than the giving of permission to the land company to erect the structures referred to on the sugar company's land, maintain them there during its operations, and remove them when they were at an end; that no exclusive right to the possession of the land was granted, no estate or interest therein passed; and that the land company was a licensee and not a tenant. It follows that the claim of lien was rightly denied.

The judgment is affirmed.